**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa St. Clair and Richard Poulin, individually and as parents and guardians of H.P., their minor child,<br><br>    Plaintiffs,<br><br>vs.<br><br>Nellcor Puritan Bennett LLC,<br><br>    Defendant. | No. CV-10-1275-PHX-LOA<br><br>**ORDER** |

This case arises on the parties' Joint Stipulation Requesting the Filing of Exhibits Under Seal, doc. 61, requesting an order authorizing Plaintiffs to file under seal 18 specific exhibits which will be attached to Plaintiffs' Response to Defendant Nellcor Puritan Bennett, LLC's Motion for Partial Summary Judgment upon further order of the Court. (Doc. 59, Exhibits 6-8; 15; 17; 18; 27; 30; 31; 33; 35-41; and 43) The Stipulation indicates Plaintiffs have already lodged these exhibits under seal pursuant to LRCiv 5.6(d) pending the Court's approval. The Court will construe the parties' Joint Stipulation as a joint motion.

As their authority, the Joint Stipulation cites, of course, "Rule 26(c)(1)(G) [which] provides that a district court "may, for good cause, issue an order . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." (*Id.* at 2) In the Ninth Circuit, however, "good cause" for sealing exhibits used as a part of a summary judgment or other dispositive motion or response is not the correct and controlling standard.

1         In *Kamakana v. Honolulu*, 447 F.3d 1172 (9th Cir. 2006), the Ninth Circuit held that more than good cause, indeed, "compelling reasons" are required to seal documents used in dispositive motions such as motions for summary judgment, just as compelling reasons would be needed to justify a closure of a courtroom during trial. *Id.* at 1179. Otherwise, the Ninth Circuit held, public access to the work of the courts will be unduly compromised. *Id.* See also, *In re National Sec. Agency Telecommunications Records Litigation*, 2007 WL 549854 (N.D.Cal., Feb. 20, 2007); *Mitchell v. United States*, 2009 WL 4694010, * 1 (D.Ariz., Dec. 4, 2009). The Ninth Circuit has "carved out an exception to the presumption of access" to judicial records, *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003), for a "*sealed discovery document* [attached] to a non-dispositive motion," such that "the usual presumption of the public's right of access is rebutted." *Kamakana*, 447 F.3d at 1179 (quoting *Phillips v. General Motors Corp*., 307 F.3d 1206, 1213 (9th Cir. 2002) (emphasis in original); See also, *Seattle Times co v. Rhinehart*, 467 U.S. 20, 33 (1984).

        The parties' counsel are directed to confer, attempt to reach a stipulation regarding sealing some or all of the proposed exhibits to Plaintiffs' Response upon a showing of compelling reasons, if any, and either jointly communicate to the Court on or before **Monday, August 22, 2011** how they wish to proceed on this issue or Defendants must timely move for a protective order. If counsel do not timely communicate to the Court how they wish to proceed or a protective order motion is not timely filed, the Court will direct the Clerk to file all exhibits submitted with Plaintiffs' Response to Defendant Nellcor Puritan Bennett, LLC's Motion for Partial Summary Judgment for public access.

        There being no showing of "compelling reasons" to seal certain exhibits related to a summary judgment motion,

        **IT IS ORDERED** that the parties' joint motion requesting the filing of exhibits under seal, doc. 61, is **DENIED** without prejudice. The Clerk is kindly directed to

/ / /

/ / /

keep those exhibits lodged with docket 59 temporarily under seal until further order of the Court.

Dated this 12th day of August, 2011.

Lawrence O. Anderson
United States Magistrate Judge