**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Lisa St. Clair and Richard Poulin, individually and as parents and guardians of H.P., their minor child,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Nellcor Puritan Bennett LLC,<br><br>　　　　　Defendants. | No. CV-10-1275-PHX-LOA<br><br>**ORDER** |

　　　　　This matter arises on Defendant Nellcor Puritan Bennett LLC's Unopposed Motion to File Exhibits Under Seal, filed on August 19, 2011. (Doc. 66)  Defendant requests that the Court file under seal Exhibits 6-8, 15, 17, 18, 27, 30, 31, 33, 35-41, and 43, which were lodged as a part of Plaintiffs' Response to Defendant Nellcor Puritan Bennett LLC's Motion for Partial Summary Judgment. (*Id.*)  Plaintiff does not oppose sealing the exhibits. (*Id.*)  Previously, the Court denied without prejudice the parties' joint motion requesting the filing of 18 specific exhibits under seal, attached to Plaintiffs' Response to Defendant's dispositive motion. (Doc. 65)  Explaining that in the Ninth Circuit "compelling reasons" are required to seal documents used in dispositive motions, the Court gave Defendant a fair opportunity to make such a showing while the exhibits were temporarily sealed and the Court conducted an *in camera* inspection of the exhibits. (*Id.*; doc. 67)

　　　　　As already mentioned, the Ninth Circuit has held that "compelling reasons" are required to seal documents used in dispositive motions, such as, motions for summary

judgment, just as compelling reasons would be needed to justify a closure of a courtroom during trial. *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). "Unless a particular court record is one 'traditionally kept secret,' a strong presumption in favor of access is the starting point." *Id*. at 1178.  "The public has a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *MMI, Inc. v. Baja, Inc*., 743 F.Supp.2d 1101, 1105 (D.Ariz. 2010) (quoting *Nixon v. Warner Comm., Inc*., 435 U.S. 589, 597 (1978)). This right protects the public interest in understanding both the judicial process and significant public events. (*Id*.)  The party moving to seal bears the burden of proof for each particular document it wishes to seal. *Foltz v. State Farm Mutual Auto. Ins.*, 331 F.3d 1122, 1130 (9th Cir. 2003).

Nellcor asserts that the enumerated exhibits contain confidential business information and trade secrets, which meet the "compelling reasons" standard. (Doc. 66) Indeed, "compelling reasons . . . exist when such court files might have become a vehicle for improper purposes, such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179 (citation omitted).  However, Nellcor offers little information or justification other than a one-sentence-fits-all explanation why the so-called confidential information deserves trade secret status and should be sealed.  (Doc. 66)

The Ninth Circuit Court of Appeals and the district courts throughout the Circuit define a "trade secret" as "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Electronic Arts Inc.*, 298 Fed.Appx. 568, 569 (9th Cir. 2008); *Bowser, Inc. v. Filters, Inc.*, 398 F.2d 7, 9 (9th Cir. 1968) (adopting the definition of trade secret stated in  Restatement of Torts, § 757, Comment b (1939)); *accord Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (finding that "a detailed plan for the creation, promotion, financing, and sale of contracts" constitutes a trade secret); *Ultimate Timing, L.L.C. v. Simms*, 2010 WL 786021, * 2 (W.D.Wash. March 4, 2010); *Navarro v. Eskanos & Adler*, 2007 WL 902550, * 4 (N.D.Cal. March 22, 2007).  Thus, information is not regarded as a trade secret if it is "fully disclosed by issued patents; generally known to

those skilled in the industry or trade; or consist[s] of information easily acquired by persons in the industry from patents, literature or known processes freely available." *Motorola, Inc. v. Fairchild Camera & Instrument Corp.,* 366 F.Supp. 1173, 1186 (D.Ariz. 1973); *Bowser*, 398 F.2d at 9 ("The subject matter of a trade secret must be secret. Matters of public knowledge or of general knowledge in an industry cannot be appropriated by one as his secret.").

Although Nellcor asserts that the exhibits contain confidential business information, confidentiality alone does not transform business information into a trade secret.

> [A trade secret] differs from other secret information in a business in that it is not simply information as to single or ephemeral events in the conduct of the business, as, for example, the amount or other terms of a secret bid for a contract or the salary of certain employees, or the security investments made or contemplated, or the date fixed for the announcement of a new policy or for bringing out a new model or the like. A trade secret is a process or device for continuous use in the operation of the business.

Restatement of Torts, § 757, Comment b.  "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136).

To determine whether an exhibit is a trade secret, the Court measures it against the Ninth Circuit's definition; that is, whether it is a "formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Bowser*, 398 F.2d at 9. After an *in camera* inspection of all the exhibits, the Court finds that Exhibit 36 meets this definition and this exhibit will be sealed.  The Court also finds that Exhibits 6-8, 15, 17, 18, 27, 30, 31, 33, 35, 37-41, and 43 do not meet this definition.

Nellcor having failed to demonstrate that compelling reasons exist to seal most of the subject exhibits,

**IT IS ORDERED** that, **except for Exhibit 36** (doc. 59, attachment 13, pages 3-97), the Clerk is kindly directed to file all other exhibits presently lodged under seal at

1  docket 59, in the public record and not under seal.

2  **IT IS FURTHER ORDERED** that Exhibit 36, (doc. 59, attachment 13, pages 3-97), shall remain sealed as a trade secret until further order of the Court.

Dated this 7th day of November, 2011

Lawrence O. Anderson
United States Magistrate Judge

- 4 -