**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa St. Clair and Richard Poulin, individually and as parents and guardians of H.P., their minor child,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>Nellcor Puritan Bennett LLC,<br><br>　　　　　Defendant. | No. CV-10-1275-PHX-LOA<br><br>**ORDER** |

　　　　The Court received an emailed letter, signed by the parties' counsel, advising that the parties participated in a successful mediation on February 29, 2012, and settled this case.

　　　　A district court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian *ad litem. Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983).

　　　　On the Court's own motion, after informally consulting with both counsel for a mutually agreeable date and time, and consistent with a district court's "special duty" to conduct its own inquiry to determine whether the settlement serves the best interests of H.P., a minor, the Court will set a final settlement approval hearing. *K.T. v. Ramos*, 2012 WL 443732 (D.Ariz. February 13, 2012) (quoting *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011)).

1     **IT IS ORDERED** setting a Final Settlement Approval Hearing before the
2 undersigned Magistrate Judge on **Monday, April 30, 2012 at 2:00 p.m.**
3     **IT IS FURTHER ORDERED** that Plaintiffs' counsel and Plaintiffs Lisa St. Clair
4 and Richard Poulin must be physically present at the Final Settlement Approval Hearing.
5 Counsel for H.P. must be prepared to answer the Court's questions why the parties'
6 settlement for the agreed-upon amounts for H.P. and her parents are in the minor's best
7 interests, why the Court should approve the settlement, and why counsels' fees and expenses
8 are reasonable and appropriate, and how H.P.'s money will be managed in her best interests
9 in the future. The minor is invited, but not required, to attend the Final Settlement Approval
10 Hearing.
11    **IT IS FURTHER ORDERED** that Plaintiffs' counsel must prepare and file a motion
12 for approval of settlement and attorneys' fees and litigation expenses under seal on or before
13 **Friday, April 6, 2012**, which sets forth with specificity the following:
14     1. the total amount and exact division of the settlement funds amongst the Plaintiffs
15 in present value;
16     2. a detailed discussion of the reasonableness of Plaintiffs' requested attorneys' fees
17 and litigation expenses, including a discussion of the eight factors to consider in determining
18 the reasonableness of attorneys' fees pursuant to Ethical Rule ("ER") 1.5, Arizona Rules of
19 Professional Conduct. *See*, *Matter of Conservatorship of Fallers*, 181 Ariz. 227, 889 P.2d
20 20 (Az.Ct.App. 1994); *In re Guardianship of Sleeth*, 226 Ariz. 171, 244 P.3d 1169
21 (Az.Ct.App. 2010); *see also*, *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 186 (Tenn.
22 2011) ("[w]e hold that no single factor found within [ER] 1.5 merits special emphasis over
23 the other factors in determining a reasonable fee in cases involving a minor, and we decline
24 to add other factors. Instead, the trial court may conclude that certain factors merit greater
25 weight under the unique circumstances of a particular case"). Plaintiffs' counsel shall
26 provide as exhibits a complete copy of Plaintiffs' fee agreement and an affidavit of
27 Plaintiffs' counsel, containing the information required by LRCiv 54.2(c), (d)(2), (3)- (4)(A)-
28

1  (D), and (5)(e)(1)-(3[1]).

2      3. how Plaintiffs' fees and costs will be fairly apportioned among his three clients;
3  and

4      4. Plaintiffs' proposed plan to establish a Maricopa County Superior Court
5  guardianship for H.P. and appointment of an appropriate guardian pursuant to A.R.S. § 14-
6  5311 to, among others, authorize and approve H.P.'s necessary medical, surgical or other
7  professional care and treatment, purchase of durable medical goods, A.R.S. § 14-5209(B)-
8  (C); give consents or approvals necessary for H.P.'s care, comfort and maintenance, A.R.S.
9  § 14-5312(A)-(B); protect, monitor, and preserve H.P.'s net *res* of the settlement funds and
10 other property[2]; and perform such other procedural and substantive duties in H.P.'s best
11 interests as allowed by Arizona law.

12     **IT IS FURTHER ORDERED** that Defendant and its insurance company must file
13 a Notice of Deposit and deposit the entire settlement funds into the District of Arizona's
14 Court Registry Investment System ("CRIS"[3]) on or before **Friday, April 6, 2012**. *See*,
15 LRCiv 67.1.

---

[1] If Plaintiffs' counsel did not keep track of his time because he represents Plaintiffs on a contingency fee basis only, Plaintiffs' counsel shall provide his best estimate of the time he/they spent working on the case as if counsel were paid on an hourly basis.

[2] "Guardians have the duty to make broad care decisions for the wards in their care and are required to care for their wards' personal effects, including their [property]." *In re Conservatorship for Geake*, 2008 WL 2352481, * 2 (Az.Ct.App. June 5, 2008) (citing A.R.S. §§ 14-5209, -5312 (2005)).

[3] Under the federal CRIS program, money deposited in every district court case is pooled with the money on deposit with the Treasury, with a credit back to all district courts with funds in CRIS, which is used to purchase Government Account Series securities through the Bureau of Public Debt. *See* 28 U.S.C. §§ 2041, 2045; *Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1308 n. 5 (9th Cir. 1990). CRIS operates on a weekly cycle tied to a Thursday maturity date of these securities. CRIS will deduct a 10% fee from the amount of interest earned weekly. The 10% fee covers the cost to the court of managing the investments. *See*, § 920.50, Registry Fees, *Guide to Judiciary Policy*, Vol. 13, Ch. 9; LRCiv 67.1(c).

1 **IT IS FURTHER ORDERED vacating** the final pretrial conference set for
2 Monday, April 30, 2012 and the jury trial scheduled to commence on Monday, May 7, 2012.
3 Dated this 12th day of March, 2012.

> Lawrence O. Anderson
> United States Magistrate Judge